THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11cv262

| | |
|---|---|
| JESSICA NICOLE DAGIEL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KEMPER CORPORATION, a )<br>Delaware corporation, UNITRIN )<br>SAFEGUARD INSURANCE, a )<br>Delaware corporation, and )<br>PETEY PAT, INC., a North )<br>Carolina corporation, d/b/a )<br>BRANK INSURANCE AGENCY, )<br>)<br>Defendants. )<br>_____) | **MEMORANDUM OF DECISION<br>AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand [Doc. 3] and the Defendants' Motions for Judgment on the Pleadings [Docs. 10, 12].

I.  **PROCEDURAL BACKGROUND**

On September 8, 2011, the Plaintiff filed this action against the Defendants Kemper Corporation ("Kemper"), Unitrin Safeguard Insurance ("Unitrin"), and Petey Pat, Inc., d/b/a Brank Insurance Company ("Petey Pat") in the Superior Court of Buncombe County, North Carolina, asserting claims

for breach of contract and bad faith. In the Complaint, the Plaintiff seeks an award of compensatory damages "in excess of $10,000" and an award of punitive damages "in excess of $10,000." [Complaint, Doc. 1-1 at 9-10]. On October 7, 2011, the Defendants removed the Plaintiff's state court action to this Court on the basis of diversity jurisdiction, 28 U.S.C. §1332(a). The Plaintiff then promptly moved to remand the action to state court. [Doc. 3].

## II. STANDARD OF REVIEW

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The Defendants removed this civil action on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), which provides that the federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

Where removal is based on federal diversity jurisdiction, the party seeking removal has the burden of establishing by a preponderance of the evidence that the jurisdictional threshold amount in controversy is met. Bartnikowski v. NVR, Inc., 307 F. App'x. 730, 734 (4th Cir. 2009); Green v.

Metal Sales Mfg. Corp., 394 F.Supp.2d 864, 866 (S.D.W. Va. 2005); Dash v. FirstPlus Home Loan Owner Trust 1996-2, 248 F.Supp.2d 489, 497 (M.D.N.C. 2003).

The removal statute provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a case removed from state court], the case *shall* be remanded." 28 U.S.C. §1447(c) (emphasis added). An order remanding a case for lack of subject matter jurisdiction is not reviewable on appeal. 28 U.S.C. § 1447(d); Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008) ("[A] remand order based on a lack of subject matter jurisdiction, whether *sua sponte* or not, falls within the scope of §1447(c) and therefore is not reviewable by a court of appeals.").

## III. DISCUSSION

As noted above, the burden is upon the Defendants as the parties asserting federal jurisdiction to prove by a preponderance of the evidence that the amount in controversy has been satisfied. Bartnikowski, 307 F. App'x at 734. "[A] defendant cannot satisfy its amount-in-controversy burden simply by alleging the presence of a jurisdictional sum in excess of the statutory

3

minimum[.]" McCory v. Erie Ins. Co. 147 F.Supp.2d 481, 489 (S.D.W. Va. 2001).

As a general rule, the amount in controversy is usually determined by "the status of the case as disclosed by the plaintiff's complaint." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291, 58 S.Ct. 586, 82 L.Ed. 845 (1938). In North Carolina, however, plaintiffs are prohibited from pleading an exact amount of claimed damages, and thus, a determination of the amount of controversy is not possible from the face of the complaint. See Lawson v. Tyco Electronics Corp., 286 F.Supp.2d 639, 641 (M.D.N.C. 2003) (citing N.C. Gen.Stat. § 1A-1, Rule 8(a)(2)). Under such circumstances, the Court may determine the amount in controversy by considering all evidence bearing on the issue, including:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal.

Green, 394 F.Supp.2d at 866 (quoting Watterson v. GMRI, Inc., 14 F.Supp.2d 844, 850 (S.D.W. Va. 1997)). In evaluating these factors, the Court is "not

4

required to leave its common sense behind." Green, 394 F.Supp.2d at 867 (quoting Weddington v. Ford Motor Credit Co., 59 F.Supp.2d 578, 584 (S.D.W. Va. 1999)).

In the present case, the Plaintiff asserts claims for breach of contract and bad faith arising from the denial of insurance coverage for her property damage claim. The Complaint states that the property that was damaged was the Plaintiff's 2002 vehicle, which was totaled in a single vehicle accident. [Complaint, Doc. 1-1 at ¶6]. The Plaintiff's Complaint offers no indication as to the precise amount of the losses she is alleged to have incurred. It must be noted, however, that the Plaintiff's vehicle was nine years old at the time of the accident and thus, as a matter of common sense, any damages that may be recoverable would likely be limited to an amount well below the jurisdictional threshold.

In arguing that the jurisdictional amount has been satisfied, the Defendants argue that N.C. Gen. Stat. § 1D-25 permits a plaintiff to recover the greater of three time the amount of compensatory damages or $250,000, whichever is greater. Thus, the Defendants contend, even though the Plaintiff's compensatory damages are "admittedly limited" to property damage in an amount less than $75,000, her punitive damages claim "raises the

5

potential for an award of up to $250,000...." [Doc. 6 at 4]. While the potential for such an award may exist, the Defendants offer nothing beyond sheer speculation to establish that such an award would be likely in this case. "A speculative argument regarding the potential value of the award is insufficient." Delph v. Allstate Home Mortg., Inc., 478 F.Supp.2d 852, 855 (D.Md. 2007) (quoting Conrad Assocs. v. Hartford Accident & Indem. Co., 994 F.Supp. 1196, 1198 (N.D.Cal. 1998)). In short, Defendant argues that in light of the North Carolina statute that the mere assertion of a claim for punitive damages *per se* fulfills the statutory jurisdictional amount. Defendant cites no authority for this broad proposition.

Based solely on the Plaintiffs' claim for awards of compensatory and punitive damages each "in excess of $10,000," the Court cannot say that it is more likely than not that the amount in controversy in the present case is greater than the jurisdictional limit. As diversity jurisdiction in this case is "doubtful," Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994), the Court finds and concludes that a remand of this case is appropriate.[1]

---

[1] Because the Court concludes that the amount in controversy requirement has not been satisfied, the Court need not reach the Defendants' arguments regarding fraudulent joinder.

6

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Remand [Doc. 3] is hereby **GRANTED** and this action is hereby **REMANDED** to the North Carolina General Court of Justice for Buncombe County, Superior Court Division.

**IT IS FURTHER ORDERED** that the Defendants' Motions for Judgment on the Pleadings [Docs. 10, 12] are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: May 4, 2012

Martin Reidinger
United States District Judge

7